UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO BRITO MATOM,

       Petitioner,

v.                       Case No.  2:25-cv-648-JES-NPM

ICE / U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT;
DEPARTMENT OF HOMELAND
SECURITY (DHS); MATTHEW
MORDANT; and ATTORNEY
GENERAL OF THE UNITED
STATES,

       Defendants.
_____/

**ORDER**

This matter is before the Court on Petitioner Francisco Brito Matom's 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). Respondents filed a motion to dismiss, which the Court construes as a response in opposition to the petition. (Doc. 9). In addition, both parties filed supplemental briefs on the issues of whether Brito Matom's transfer from Alligator Alcatraz moots his claim for relief and whether his status as a class representative in a related action strips this Court of jurisdiction. (Doc. 13; Doc. 14).

For the following reasons, the petition will be denied.

**I.  Background**

Brito Matom, a Guatemalan citizen, entered the United States without inspection on November 8, 2005. (Doc. 1 at 3; Doc. 9 at

2).  In December of 2024, Brito Matom applied for asylum and withholding of removal.  (Doc. 1 at 12; Doc. 9 at 2).  Two biometrics appointments were scheduled for Brito Matom, but the first was cancelled by the government, and Brito Matom did not show up for the second.  (Doc. 9 at 2; Doc. 9-3; Doc. 9-5).  On July 8, 2025, Brito Matom was arrested without a warrant during a traffic stop that was "part of a largescale immigration operation." (Doc. 1 at 4; Doc. 9 at 2; Doc. 9-1).  On July 9, 2025, U.S. Immigration and Customs Enforcement (ICE) issued Brito Matom a notice to appear.  (Doc. 9 at 2-3).  A second notice to appear issued on August 25, 2025.  (Doc. 12-1).  When he filed his petition on July 22, 2025, Brito Matom had been detained at the former South Florida Detention Facility at Dade-Collier Training and Transition Airport (now called Alligator Alcatraz) since his July 8, 2025, arrest.  (Doc. 1 at 1; Doc. 9 at 3).  However, on August 18, 2025, he was transferred to an immigration processing center in El Paso, Texas.  (Doc. 10 at 1-2; Doc. 10-1).  Brito Matom received "a custody redetermination hearing" (bond hearing) on August 19, 2025.  (Doc. 9 at 3; Doc. 14-2).  At the hearing, Brito Matom's request for a change in custody status was denied. (Doc. 14-2).

## II.  Legal Standard[1]

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  A court may issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States."  Id. § 2241(c)(3).  Section 2241 is the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail.  Demore v. Kim, 538 U.S. 510, 516–17 (2003).

## III. Discussion

### A.  Count One

Brito Matom asserts that his Fifth Amendment right to due process was violated when officers: (1) detained him without a warrant and removal proceedings; (2)denied the continuance of his asylum without proper determination; and (3) subjected him to

---

[1] Brito Matom purports to bring this claim under 28 U.S.C. §§ 2241, 2201, and 1651.  (Doc. 1 at 2).  Section 2201 is a procedural statute that grants the Court power to issue a declaratory judgment.  However, it is not an independent source of jurisdiction.  See Federal Election Com'n v. Reform Party of U.S., 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (2007) (recognizing that suit brought under section 2201 "must state some independent source of jurisdiction").  Likewise, the All Writs Act of 28 U.S.C. § 1651 is not an independent basis for a lawsuit.  See Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070 (11th Cir. 2001) ("The All Writs Act authorizes writs in aid of [the courts'] respective jurisdictions', and thus does not provide an independent basis of federal subject-matter jurisdiction." (internal quotation marks omitted)).  Thus, the Court considers this claim as brought under 28 U.S.C. § 2241.

prolonged or arbitrary detention without a preliminary hearing or a bond hearing.  (Doc. 1 at 6).

Respondent argues that this Court is without jurisdiction to hear Brito Matom's due process claims because they result from the Government's decision to commence removal proceedings against him. (Doc. 9 at 4).  Title 8 U.S.C. § 1252(g) bars federal courts' subject-matter jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence [removal] proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g).  This includes claims against ICE agents acting as the Attorney General's subordinates.  See Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013).

The Government relies on the holding in Gupta v. McGahey to support the proposition that securing an alien pending removal automatically constitutes an action to commence removal proceedings and is not subject to the Court's jurisdiction.  In that case, Mr. Gupta was served with a notice to appear and arrested by ICE officers after his application for adjustment of status was denied.  Id. at 1063–64.  Gupta subsequently brought civil rights claims against the ICE agents alleging that his arrest and the seizure of his property violated the Fourth and Fifth Amendments.  Id.  The Eleventh Circuit held that Gupta's claims arose from actions taken to commence removal proceedings.  Id. at

1065. Significantly, the Eleventh Circuit relied on the fact that ICE's alleged misconduct occurred *after* it served Gupta with a notice to appear and secured a warrant for his arrest, reasoning that "[s]ecuring an alien while awaiting a removal determination constitutes an action taken to commence proceedings." Id. Therefore, the court found that section 1252(g) stripped the court of jurisdiction to hear Gupta's claims. Id. at 1063.

The reasoning in Gupta does not apply to the facts alleged here. A removal proceeding is initiated by the service of a notice to appear upon an alien. See 8 U.S.C. § 1229(a); Alanis-Bustamante v. Reno, 201 F.3d 1303, 1305 n.5 (11th Cir. 2000). Unlike the plaintiff in Gupta, the notice to appear was not served on Brito Matom (and no warrant was executed for his arrest) until after he was detained. That removal proceedings were ultimately initiated does not divest this Court of jurisdiction over Brito Matom's claims involving ICE conduct that occurred before the initiation of removal proceedings. See Gonzales v. FedEx Ground Package System, Inc., No. 12-CV-80125-RYSKAMP/HOPKINS, 2013 WL 12080223, at *10 (S.D. Fla. Aug. 1, 2013) ("[T]he fact that removal proceedings were ultimately initiated is not enough to divest this Court of jurisdiction."). Thus, the government's alleged misconduct during Brito Matom's arrest cannot be considered to arise from the decision to commence or execute removal orders, and

the Court has subject matter jurisdiction to consider Brito Matom's due process claims.

Nevertheless, Brito Matom is not entitled to federal habeas corpus relief.

In subsection one, Brito Matom argues that his arrest was illegal because the agents who arrested him did not have a warrant. (Doc. 1 at 4.)  Under 8 C.F.R. § 287.8(b), an immigration officer may "ask questions of anyone" so long as the officer does not restrain the freedom of the individual to walk away.  Likewise, if the officer has a reasonable suspicion that a person is illegally in the United States, he may "briefly detain" that person for questioning.  Id.  Under 8 U.S.C. § 1357(a)(2), immigration officers may make a warrantless arrest of "any alien in the United States, if [the officer] has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest."  Similarly, 8 C.F.R. § 287.8 (c)(2)(i) provides that "[a]n arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States."

Brito Matom alleges that he was arrested without a warrant, but he does not allege that he was illegally restrained or that the officers arrested him without a reasonable suspicion that he

was in the country illegally.  Respondents have filed a Form T-213 (Record of Deportable/Inadmissible Alien), which reports (and Brito Matom does not contest) that Brito Matom admitted to Border Patrol Agents that he was illegally present in the United States. (Doc. 9-1 at 2).  Thus, under 8 C.F.R. § 287.8 (c)(2)(i)—and perhaps under 8 U.S.C. § 1357(a)(2)—the agents were authorized to arrest Brito Matom without a warrant.  Count One is denied.[2]

**B.  Count Two**

In Count Two of his habeas petition, Brito Matom alleges that he has been held "under inhumane conditions, mosquito plague, detention flooding, roof leaking when raining that wets his bed and food deprivation" and that he has been denied adequate and private communications with his attorney.  (Doc. 1 at 6).

This action was filed as a 28 U.S.C. § 2241 petition for writ of habeas corpus.  A section 2241 petition is available to challenge the fact or duration of a petitioner's confinement, but not the conditions of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Stated another way, "the sole function

_____

[2] Brito Matom is also not entitled to relief on subsections two or three of Count One.  Brito Matom received a bond hearing on August 19, 2025.  (Doc. 14-2).  Thus, subsection three of Count One is denied as moot.  As to subsection two, Brito Matom does not explain how his due process rights were violated by "[d]enying the continuance of his asylum without proper determination."  (Doc. 1 at 6).  To the contrary, the petition does not mention Brito Matom's asylum application other than stating that he has a pending petition of asylum and is waiting for biometrics.  (Doc. 1 at 4). Thus, this claim is denied without prejudice to Brito Matom filing another petition on this issue in the appropriate court.

of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." <u>Cook v. Hanberry</u>, 592 F.2d 248, 249 (5th Cir. 1979). Thus, if relief on a claim would not *require* Brito Matom's release from confinement, that claim does not belong in a habeas corpus petition.

Providing relief on the conditions-of-confinement claims alleged here would not require Brito Matom's release—only an order directing Respondents to improve the unconstitutional conditions. And "when [a petitioner] raises a challenge to the circumstances of his confinement" rather than to the lawfulness of his detention, "the claim should be brought in a civil-rights action rather than a habeas petition." <u>Gorrell v. Hastings</u>, 541 F. App'x 943, 944 (11th Cir. 2013). Indeed, Brito Matom is a member of a pending civil rights class action in this Court that raises these same conditions-of-confinement claims under 42 U.S.C. § 1983. <u>See</u> MDFL. Case No. 2:25-cv-747-SPC-KCD.[3] Thus, Brito Matom is not entitled to habeas corpus relief on Count Two.

---

[33] Likewise, Petitioner was transferred to a detention facility in Texas on August 18, 2025, and he is unlikely to return to Alligator Alcatraz, which moots any liberally-construed claim for injunctive relief. <u>See</u> <u>Cotterall v. Paul</u>, 755 F.2d 777, 780 (11th Cir. 1985) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.").

## IV.  Conclusion

Accordingly, it is **ORDERED**:

1.  The 28 U.S.C. § 2241 petition filed by Francisco Brito Matom is **DENIED**.

2.  The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 5, 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE